IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-19-0036 |
| ROBERT HARRIS-HOWELL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Robert Harris-Howell's Motion Requesting Appointment of Counsel in which he seeks appointment of counsel for the purpose of filing a motion pursuant to Amendment 821. (ECF No. 1356.) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. As is relevant to the arguments raised by Mr. Harris-Howell, Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. The Court has reviewed Mr. Harris-Howell's Presentence Report. (*See* ECF No. 710.) He did not receive any "status points." (*Id.*) Rather, his criminal history category of III was based on two criminal convictions, which resulted in six points. (*Id.* at 8–9.)

Given these circumstances, it is not in the interests of justice to appoint Mr. Harris-Howell counsel for purposes of filing a motion pursuant to Amendment 821. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024) ("[T]he Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require.").

Accordingly, it is ORDERED that Mr. Harris-Howell's Motion (ECF No. 1356) is DENIED.

DATED this __15__ day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge